Filed 5/23/23 P. v. Hair CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT HAIR,<br><br>    Defendant and Appellant. | F084843<br><br>(Super. Ct. No. BF174717A)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County. Colette M. Humphrey, Judge.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, A.P.J., Peña, J. and Meehan, J.

Appointed counsel for defendant Robert Hair asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On November 16, 2018, defendant argued with his employer, claiming the employer owed him money for some work. During the argument, defendant displayed a handgun and threatened to shoot the employer. Then defendant got in his car and left the property.

On March 11, 2019, the Kern County District Attorney filed an information charging defendant with criminal threats (Pen. Code, § 422;[1] count 1) and misdemeanor brandishing a firearm (§ 417, subd. (a)(2); count 2).

On October 13, 2020, the trial court granted defendant pretrial mental health diversion pursuant to section 1001.36.

On October 29, 2021, the trial court found defendant was not in compliance with the terms and conditions of the diversion program. The court reinstated criminal proceedings.

On July 8, 2022, defendant pled no contest to count 1 in return for two years of probation with 180 days in county jail.

On August 23, 2022, the trial court suspended imposition of sentence and granted defendant probation for two years with 180 days in jail. The court awarded custody credits and imposed various fines and fees.

On August 23, 2022, defendant filed a notice of appeal.

---

[1] All statutory references are to the Penal Code.

2.

## **DISCUSSION**

Having undertaken an examination of the entire record, we find no evidence of any arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.